IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No. 11-302 |
| ) | |
| ) | Count One: 18 U.S.C. § 287 |
| v. ) | (False Claim) |
| ) | |
| **JOHN R. BROCK,** ) | and Criminal Forfeiture |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## FACTUAL BASIS FOR PLEA

The United States of America, by and through its undersigned attorneys for the Public Integrity Section, Criminal Division, United States Department of Justice, and John R. Brock (hereinafter referred to as the "defendant") hereby stipulate to the following facts pursuant to U.S. Sentencing Guideline § 6A1.1 and Rule 32 (c)(1) of the Federal Rules of Criminal Procedure:

1. At all relevant times, the defendant, John R. Brock, was an employee of the Armed Forces Institute of Pathology ("AFIP"), a component of the Department of Defense ("DOD"), which is part of the executive branch of the United States government.

2. In 2007, Brock was hired as a Budget Analyst within the Resources Management Department at AFIP. In this position, Brock was responsible for maintaining AFIP's travel management and administration using the Defense Travel System ("DTS"), which is the online travel reservation system used by DOD.

3. On or about September 23, 2008, Brock created a local travel voucher on the DTS using the profile of a former AFIP employee. The travel voucher listed the former AFIP employee's social security number, but the name listed on the travel voucher was that of Brock's sister. The expense claimed on the voucher was $5,525 for "invitational" expenses. On September 23, 2008,

the voucher was approved, and on September 25, 2008, the Defense Finance and Accounting Service ("DFAS") issued a payment voucher showing payment of $5,525 to a bank account owned by Brock's sister.

4. On or about September 25, 2008, Brock's sister received an incoming wire transfer into her checking account totaling $5,525. Brock then instructed his sister, who was unaware of the scheme, to forward the funds to Brock's checking account. Accordingly, on or about September 26, 2008, Brock's USAA checking account received an incoming wire from his sister's account totaling $5,525.

5. Between September 30, 2008 and July 17, 2009, Brock created fifteen (15) additional travel vouchers using the same former employee's DTS profile. Each of the travel vouchers listed the former employee's social security number, but the name of Brock's sister. The expenses claimed on the vouchers ranged from $2,340 to $7,622.26 and totaled $73,692.15. For each DTS travel voucher DFAS issued a corresponding payment voucher showing payment to the account of Brock's sister. Between September 30, 2008 and July 17, 2009, Brock's sister's bank records show incoming wires labeled as "FED PAYMENT" totaling $73,692.15.

6. Between October 3, 2008 and July 27, 2009, bank records show that a total of $63,676 in wire transfers originating from Brock's sister's account to Brock's USAA account. Additionally, bank records show a $9,600 withdrawal from her account of February 6, 2009, and a corresponding mail deposit into Brock's USAA account in the amount of $9,600.

7. Beginning on or about August 26, 2009, and continuing through April 26, 2011, Brock created eighty-three (83) additional local travel vouchers under the same former AFIP employee's DTS profile using his social security number but the name of either Brock's sister or

another individual as the payees. The total value of the eighty-three (83) travel vouchers was $406,317.66.

8. Beginning on or about September 3, 2009, and continuing through March 8, 2011, bank records show eighty-three (83) corresponding incoming wire transfers from DFAS into Brock's USAA checking account labeled as "FED PAYMENT" totaling $406,317.66.

9. In submitting the above described travel vouchers to AFIP via the DTS, defendant knowingly and willfully made materially false, fictitious, and fraudulent claims against the United States given the fact that, at no time did defendant ever incur any of the expenses enumerated in the travel vouchers. Moreover, defendant prepared the fraudulent travel vouchers using the DTS profile of a former AFIP employee and the names of other individuals, including his sister.

10. As described above, during the relevant period defendant submitted a total of ninety-nine (99) false travel vouchers through the DTS and received a total of $485,535 in cash as a result of the false claims he submitted to AFIP. The parties stipulate and agree that, pursuant to U.S.S.G. § 2B1.1, the total amount received by defendant from the false, fictitious and fraudulent claims described herein was $485,535.

Dated: September 21, 2011.

Respectfully submitted,

JACK SMITH
Chief, Public Integrity Section

By: _____
RICHARD B. EVANS
Trial Attorney
United States Department of Justice
Public Integrity Section
1400 New York Ave. NW, 12th Floor
Washington, DC 20005
(202) 353-7760 – Telephone
richard.b.evans@usdoj.gov

3

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, John R. Brock, and the United States, I hereby stipulate that the above Factual Basis For Plea is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
John R. Brock
Defendant


I am John R. Brock's attorney. I have carefully reviewed the above Factual Basis For Plea with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
G. Allen Dale
Attorney for the Defendant