**FILED**

**JAN 0 3 2012**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No.   1:11-CR-302 (RLW) |
| JOHN R. BROCK, | ) |
| | ) Violation:   18 U.S.C. § 287 |
| Defendant. | ) |
| | ) |
| | ) |

## CONSENT MOTION FOR ORDER OF FORFEITURE

The United States of America, by its undersigned counsel, respectfully submits this
Consent Motion for Order of Forfeiture, in the form of a personal money judgment in the above
entitled case for the reasons set forth below.  A proposed Order is submitted with this motion.

1.      On October 13, 2011, the defendant, John R. Brock, entered a plea of guilty to a
one-count Information charging him with a single count of making a false claim in violation of
18 U.S.C. § 287 pursuant to a Plea Agreement between the United States and defendant.

2.      In connection with his Plea Agreement, defendant stipulated that he derived at
least $485,535 from the offense for which he pleaded guilty.  *See* Plea Agreement ¶¶ 16 and 21;
Factual Basis For Plea ¶ 10.  Defendant also agreed to entry of a judgment against him for an
amount of money not less than $485,535.  Plea Agreement at ¶ 21.

3.      The defendant further agreed to forfeit all interests in any property that is
traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds
of the defendant's offense, including the following:

      a.      a 1966 Bristol 27 foot sailboat;

      b.      a 1969 Dufour 30 foot sailboat;

    c.    a C&C 39 foot sailboat;

    d.    a 2004 Audi A4s automobile;[1]

    e.    real property located at 215 White Oak Blvd., Jacksonville, NC; and

    f.    real property located at 1845 Crofton Parkway, Crofton, MD. *Id.* at ¶ 18.

4.    Aside from the real and personal property described in the preceding paragraph, in accordance with his Plea Agreement, no specific assets are to be forfeited in connection with the resolution of this criminal action.

5.    The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 981(a)(1)(C), which provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity'" is subject to forfeiture to the United States, and 28 U.S.C. § 2461(c), which provides that where "forfeiture of property is authorized in connection with a violation of an Act of Congress . . . but no specific statutory provision is made for criminal forfeiture" the Government may seek forfeiture in a criminal case and, "upon conviction, the court shall order the forfeiture of the property."

6.    Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, provides, in relevant part, that "[i]f the government seeks a personal money judgment against the defendant, the court must determine the amount of money that the defendant will be ordered to pay." Rule 32.2(b)(1)(B) notes that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement."

---

[1] Pursuant to both the Information and Plea Agreement filed in this case, defendant agreed to the forfeiture of the subject 2004 Audi A4 automobile; however, subsequent to the plea hearing on October 13, 2011, counsel for the United States learned that the defendant purportedly sold the vehicle in August 2011 for $13,000. To the extent that this is indeed the case, then the proceeds of that sale should be subject to the Court's order of forfeiture.

7.     With respect to the money judgment in the amount of $485,535, the United States seeks entry of an Order of Forfeiture in the form of a personal money judgment against the defendant, John R. Brock.

8.     The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. *See United States v. Day*, 524 F.3d 1361, 1377-78 (D.C. Cir. 2008) (holding that money judgments forfeiting the proceeds of an offense are appropriate in criminal forfeiture cases).

9.     When a money judgment is entered against a defendant, the Court may order forfeiture of specific property of the defendant, having a value up to the amount of the money judgment, in satisfaction of the money judgment.  Fed. R. Crim. Pro. 32.2(e)(1)(B); *see United States v. Davis*, 177 F. Supp. 2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to offense, it can be forfeited as substitute asset and used to satisfy money judgment); *United States v. Numisgroup Intl. Corp.*, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy money judgment, including judgment based on value of missing proceeds and value of missing facilitating property).

10.     With respect to the real and personal property described in paragraph 3 above, the United States hereby seeks entry of an Order of Forfeiture for those enumerated items, the forfeiture of which shall be deemed partial satisfaction of the money judgment requested herein.

11.     The United States has conferred with counsel for the defendant, who has indicated that the defendant consents to the relief requested in this motion.

12.     Accordingly, the United States seeks the entry of a Final Order of Forfeiture consisting of a personal money judgment against the defendant in the amount of $485,535 and an

3

Order of Forfeiture for the following:

       a.      a 1966 Bristol 27 foot sailboat;

       b.      a 1969 Dufour 30 foot sailboat;

       c.      a C&C 39 foot sailboat;

       d.      real property located at 215 White Oak Blvd., Jacksonville, NC; and

       e.      real property located at 1845 Crofton Parkway, Crofton, MD.

WHEREFORE, by virtue of the Plea Agreement and the determination of the amount of money derived from the offense for which the defendant has been convicted, the United States respectfully requests that this Court enter the attached proposed Order of Forfeiture against the defendant, John R. Brock.

DATED:      January **_3_**, 2012, at Washington, D.C.

                         JACK SMITH, Chief
                         Public Integrity Section
                         Criminal Division

                         RICHARD B. EVANS
                         Trial Attorney
                         United States Department of Justice
                         Criminal Division
                         Public Integrity Section
                         1400 New York Ave., NW, 12th Floor
                         Washington, DC 20005
                         (202) 353-7760
                         richard.b.evans@usdoj.gov
                         *Counsel for the United States*

G. Allen Dale
575 Seventh Street, NW
Suite 300, South
Washington, DC 20004
*Counsel for Defendant*

                         John R. Brock
                         *Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2012, I caused a true and correct copy of the foregoing Consent Motion For Order Of Forfeiture and proposed order to be served upon defendant's counsel of record, G. Allen Dale, by hand delivery.

Richard B. Evans
Trial Attorney