**FILED**

JAN 0 3 2012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.     1:11-CR-302 (RLW) |
| ) | |
| JOHN R. BROCK, ) | Violation:   18 U.S.C. § 287 |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER OF FORFEITURE

Upon consideration of the United States' Consent Motion for Order of Forfeiture and for good cause shown, IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Count One of the Information, for which the United States sought forfeiture pursuant to 18 U.S.C.§ 981 and 28 U.S.C. § 2461, the defendant, John R. Brock, shall forfeit to the United States all property constituting, or derived from, proceeds defendant obtained directly or indirectly, as the result of such violation.

2. Specifically, the Court has determined, based on the defendant's plea agreement and Fed. R. Crim. P. 32.2(b)(1), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), that the defendant shall forfeit $485,535 in the form of a personal money judgment, which represents the illegal proceeds he obtained from his participation in the false claim offense.

3. The Court also has determined that defendant shall forfeit to the United States the following real and personal property, and that such property shall be credited towards satisfaction of the money judgment:

   a.   a 1966 Bristol 27 foot sailboat;

   b.   a 1969 Dufour 30 foot sailboat;

      c.      a C&C 39 foot sailboat;

      d.      real property located at 215 White Oak Blvd., Jacksonville, NC; and

      e.      real property located at 1845 Crofton Parkway, Crofton, MD.[1]

4.    Upon entry of this Order, the Attorney General or a designee is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(g).

5.    The United States shall publish notice of this order and of its intent to dispose of the real and personal property described in paragraph 3 above in such manner as the Attorney General may direct, and to include publication on the government's Internet site, www.forfeiture.gov, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

6.    This Order of Forfeiture is final as to the defendant, and it shall be made part of his sentence and be included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4) and 21 U.S.C. § 853(a).

7.    Any person, other than the defendant, asserting any legal interest in the real and personal property described in paragraph 3 above may, within thirty (30) days of the final

---

[1] Pursuant to both the Information and Plea Agreement filed in this case, defendant agreed to the forfeiture of the subject 2004 Audi A4 automobile; however, subsequent to the plea hearing on October 13, 2011, counsel for the United States learned that the defendant purportedly sold the vehicle in August 2011 for $13,000. To the extent that this is indeed the case, then the proceeds of that sale are subject to the Court's order of forfeiture.

publication of notice or his receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

8. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

9. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

10. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward four certified copies of this order to Richard B. Evans, Trial Attorney, Public Integrity Section, U.S. Department of Justice.

ORDERED this 3rd day of January, 2012.

_____
The Honorable Robert L. Wilkins
United States District Judge